UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

REBUILD FLORIDA, LLC
a Florida limited liability company,

    Plaintiff,

v.

FLORIDA DEPARTMENT OF
ECONOMIC OPPORTUNITY,
a Florida State Agency

    Defendant.
_____/

Case No. _____

**JURY TRIAL DEMANDED**

### COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff REBUILD FLORIDA, LLC ("Plaintiff" or "Rebuild Florida") hereby sues Defendant FLORIDA DEPARTMENT OF ECONOMIC OPPORTUNITY ("Defendant" or "DEO") for willful trademark infringement.

In support, Plaintiff alleges as follows:

### NATURE OF ACTION

1. This is an action for trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), arising out of the DEO's unauthorized use of Plaintiff's mark **REBUILD FLORIDA** ("Plaintiff's Mark").

### PARTIES

2. Plaintiff Rebuild Florida is a limited liability company formed and organized under the laws of the State of Florida. Rebuild Florida has an office

at 4244 McCorvey Road, DeLand, Florida 32724.

3.  The DEO is a Florida state agency with an office at 107 East Madison Street, Tallahassee, Florida 32399.

## SOVEREIGN IMMUNITY EXCLUSION

4.  Under 15 U.S.C. § 1122(b), the State of Florida, its instrumentalities, officers, and employees, including the DEO, acting in their official capacity, are not immune, under the Eleventh Amendment of the United States Constitution or under the doctrine of sovereign immunity, from suit in Federal court by any person, governmental, or nongovernmental entity for any violation of the Lanham Act.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), by virtue of 15 U.S.C. §1501 *et seq.*, in that the case arises out of Defendant's violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a), for trademark infringement.

6.  This Court has personal jurisdiction over the DEO because it is a Florida state agency which administers state and federal programs on behalf of the State of Florida, has its principal place of business in the State of Florida, and conducts business throughout the State of Florida, including in the Middle District of Florida.

7.  Venue is proper, *inter alia*, under 28 U.S.C. § 1391(b)(2) because a

substantial part of the acts or omissions giving rise to Plaintiff's cause of action pled herein occurred in this judicial district.

## GENERAL ALLEGATIONS

8. Since June 2017, Rebuild Florida has provided trustworthy and professional interior, exterior, and commercial painting services in Alabama, Georgia and central Florida under its **REBUILD FLORIDA** Mark, both alone or in conjunction with a logo which contains Plaintiff's **REBUILD FLORIDA** Mark with the outline of the State of Florida as shown below:



9. Throughout the years it has conducted business in central Florida and the surrounding areas, Rebuild Florida has been engaged in providing high quality building contractor services, including both interior and exterior residential and commercial painting services to include house painting, deck staining, pool deck painting, applying garage floor epoxy, and other epoxy coatings.

10. Rebuild Florida maintains, operates, advertises, and markets its

3

contractor services through a variety of advertising and promotional media, including through its website, reachable at the domain name rebuild-florida.com (the "Rebuild Florida Domain Name" or "Rebuild Florida Website").

11. By providing high quality contractor services over many years, Rebuild Florida has garnered considerable goodwill, and an excellent reputation.

12. The DEO was created to assist the Governor of Florida in advancing Florida's economy by supporting the state's economic development through the administration of state and federal programs and initiatives to help citizens, communities, businesses, and visitors.

13. On September 24, 2018, the DEO named and launched one such initiative, "Rebuild Florida" (the "Florida Project").

14. The Florida Project was developed after the DEO received more than $800 million from the U.S. Department of Housing and Urban Development to aid Florida's long-term recovery efforts after the devastating effects of Hurricanes Michael and Irma.

15. In September 2018, the State of Florida launched the Florida Project and the "Rebuild Florida Housing Repair and Replacement Program" (the "HRRP") in response to widespread home destruction after Hurricanes Michael and Irma.

16. The Florida Project and the HHRP are aimed at repairing and rebuilding homes damaged by the hurricanes. According to the DEO website, the Florida Project

> *[M]anages and completes the construction process for the repair or reconstruction of damaged homes on behalf of homeowners, including:*
> *- Repairs to, reconstruction or replacement of homes, including bringing the home into code compliance and providing resiliency for future storms.*
> *- Completion of work to homes that have been partially repaired.*
> *- Repair or replacement of manufactured mobile homes.*

17. The Florida Project and the HRRP's services are marketed under the identical and infringing mark, **REBUILD FLORIDA** (the "Infringing Mark"). The Infringing Mark is used from time to time in conjunction with a logo featuring the outline of the State of Florida, as shown below:



18. On May 22, 2019, Florida Governor Ron DeSantis announced the completion of the Florida Project's first repair of a home damaged by Hurricane Irma, and on December 15, 2020 the registration period for the HRRP closed.

19. However, more than two years after the launch of the Florida

Project and HRRP, news outlets allege that fewer than one in ten projects have been completed. This situation has created intense displeasure among citizens.

20. Rebuild Florida began receiving a significant number of calls and complaints from applicants of the Florida Project and the HRRP. True and correct copies of several of these complaints are attached as Exhibit 1.

21. Rebuild Florida even received a subpoena on December 26, 2020 that was intended for the Florida Project and the HRRP. A true and correct copy is attached as Exhibit 2.

22. Applicants for services performed under the Florida Project and the HRRP who are trying to complain to the DEO about substandard work or bad service by the Florida Project see Rebuild Florida's signs and advertisements, or the Rebuild Florida Website displaying Plaintiff's **REBUILD FLORIDA** Mark, and mistake them for the services offered under the Infringing Mark, **REBUILD FLORIDA**, offered by Florida Project and HHRP.

23. These applicants believe either that Rebuild Florida *is* the Florida Project, or is associated with and/or related to or sponsored by the Florida Project.

24. The confusion is so pervasive that even the Florida Attorney General's Office contacted Rebuild Florida, mistakenly believing that it was the Florida Project and the HRRP because of the Florida Project's use of the

Infringing Mark.

25. This rampant actual confusion is a direct result of the Florida Project's infringing use of Plaintiff's **REBUILD FLORIDA** Mark.

26. The complaints from Florida Project applicants have escalated to a point where it is dangerous for Rebuild Florida employees to wear uniforms showing their **REBUILD FLORIDA** Mark, and they have therefore been forced to stop wearing their uniforms with Plaintiff's Mark for fear of being assaulted or attacked.

27. On January 11, 2021, Rebuild Florida, through its undersigned counsel, sent the DEO a cease and desist letter demanding that that DEO cease its infringing activity (the "January 11 Letter"). A true and correct copy of the January 11 Letter is attached as Exhibit 3 hereto.

28. As asserted in the January 11 Letter, Rebuild Florida placed the DEO on notice that its infringement of Plaintiff's **REBUILD FLORIDA** Mark was causing, and continues to cause, substantial consumer confusion. However, to this day the DEO has not responded to the January 11 Letter.

29. The DEO's adoption and continuing use of its Infringing **REBUILD FLORIDA** Mark, years after Rebuild Florida adopted and began using its **REBUILD FLORIDA** Mark for its closely related and overlapping services, and DEO's continuing use of its Infringing Mark in the face of an explicit demand that it cease its infringing use, constitute knowing, willful and

intentional infringement and unfair competition, resulting in damage to Rebuild Florida.

## COUNT I

## INFRINGEMENT OF AN UNREGISTERED TRADEMARK UNDER 43(a) OF THE LANHAM ACT– 15 U.S.C. §1125(a)

30. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 as if fully set forth herein.

31. The DEO has knowingly and intentionally used an Infringing Mark which is identical to that of Plaintiff Rebuild Florida, in interstate commerce, to advertise the services of the Florida Project and the HRRP.

32. The Infringing Mark is marketed and used by the DEO in a manner that suggests to consumers that there is a relationship between Plaintiff's services and Defendant's services, or that Plaintiff and Defendant are the same, especially because they are both advertising highly similar services in the same geographic areas.

33. Defendant's unauthorized and infringing use of the Infringing Mark is likely to cause, has caused, and will continue to cause confusion among customers as to the origin, sponsorship or approval of Defendant's home repair services.

34. Defendant's unlawful use of the Infringing Mark has (1) caused

consumer confusion, (2) devalued and tarnished the **REBUILD FLORIDA** Mark, (3) harmed Plaintiff's business financially, and (4) harmed Plaintiff's goodwill, notoriety and reputation.

35. By its acts aforesaid, Defendant is engaged in trademark infringement and misrepresentation as to source or origin in violation of 15 U.S.C. §1125(a).

36. Plaintiff has suffered, and will continue to suffer, irreparable harm resulting from these acts of infringement by Defendant.

37. Plaintiff will suffer additional irreparable harm unless Defendant is enjoined by the Court from continuing those acts, which constitute trademark infringement and misrepresentation as to source or origin.

38. Plaintiff has no adequate remedy at law.

## REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial of all matters so triable as a matter of right.

## PRAYER FOR RELIEF

WHEREFORE, for all the foregoing reasons, Plaintiff Rebuild Florida requests that this Court grant relief in the following manner:

A. Defendant and its agents, servants, employees, and those people in active concert or participation with them be preliminary and permanently enjoined from infringing Plaintiff's **REBUILD FLORIDA** Mark or any colorable imitation thereof.

B. Defendant be ordered to cease use of any and all domain names that include the term "Rebuild Florida" or any colorable imitation thereof, and that all such domain names be transferred to Plaintiff or permanently cancelled.

C. Plaintiff be awarded the monetary damages it has sustained as a result of Defendant's infringing activity under 15 U.S.C. §117.

D. Plaintiff be awarded its reasonable costs and attorney fees pursuant to 15 U.S.C. §117 as this is an exceptional case.

E. Plaintiff be awarded all other equitable and monetary remedies available under the Lanham Act.

F. Any and all other relief that this Court deems just.

Respectfully submitted this 30th day of April, 2021.

      */s/ Ava K. Doppelt*
Ava K. Doppelt
Florida Bar No. 393738
adoppelt@allendyer.com
Melissa Dangond
Florida Bar No. 1025285
mdangond@allendyer.com
Allen, Dyer, Doppelt + Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Orlando, FL 32802-3791
Telephone: (407) 841-2330
Facsimile: (407) 841-2343

***Attorneys for Plaintiff***